```
                    UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                              )
                                    )      Chapter 7
CHAPMAN LUMBER CO., INC.,           )
                                    )      Bankruptcy No. 05-00408
     Debtor.                        )
                                    )
_____)
QUAD CITY BANK,                     )
                                    )      Adversary No. 06-9068
     Plaintiff,                     )
                                    )
vs.                                 )
                                    )
KEITH CHAPMAN and IOWA              )
LUMBER AND DIMENSION, LLC,          )
                                    )
     Defendants.                    )
```

**ORDER RE: MOTION TO DISMISS**

This matter came before the undersigned on May 25, 2006 on Motion to Dismiss Complaint for Lack of Jurisdiction. Plaintiff Quad City Bank was represented by attorney Paula Roby. Defendants Keith Chapman and Iowa Lumber and Dimension, LLC were represented by attorney John Titler. After arguments of counsel, the Court took the matter under advisement.

**STATEMENT OF THE CASE**

The Bank filed its adversary complaint in multiple counts including assertions of fraudulent and preferential transfers. Defendants argue this proceeding should be dismissed for lack of jurisdiction. They argue these are not core proceedings and the Bank has no standing to file this action.

**STATEMENT OF FACTS**

Quad City Bank is a major secured creditor in the Chapman Lumber Chapter 7 case. It has filed a claim for over $2.7 million asserting it is secured by real estate, equipment, inventory, vehicles, etc. The Bank filed the original complaint in this proceeding on March 9, 2006. In the caption, the complaint lists the Plaintiffs as: "Chapter 7 Trustee and Quad City Bank." Later on March 9, 2006, the Bank filed an amended complaint listing only itself as Plaintiff. On March 14, 2006, the Bank filed a Second Amended Complaint, adding counts against Iowa Lumber and Dimension, LLC as a Defendant. In all three versions of the Complaint, the Bank states in the first paragraph: "In claims assigned by the Chapter 7 Trustee, Quad City Bank hereby states and alleges as follows:".

Focusing on the Second Amended Complaint, multiple counts are set forth against Defendant Keith Chapman, titled: Fraudulent Transfers, Preferential Transfers, Conversion, Misrepresentation, Breach of Fiduciary Duty, Inequitable Conduct, Personal Guaranty, Pierce the Corporate Veil, and Negligence.  The Counts against Defendant Iowa Lumber and Dimension are titled Conversion, Unjust Enrichment, and Pierce the Corporate Veil.  The complaint alleges Keith Chapman was an officer of the Debtor corporation and also controlled Iowa Lumber and Dimension, LLC.  The essence of the complaint is that the Bank alleges that Keith Chapman transferred, to himself or his corporation, assets of Debtor which constituted collateral securing the Bank's claims.  Additional counts in the Complaint allege that Keith Chapman further injured the Bank's rights through wrongdoing as an officer of the Debtor corporation.

Defendants assert that the Complaints erroneously state the Chapter 7 Trustee assigned the estate's claims to the Bank.  At the time the Complaints were filed, Trustee had not made such assignment.  Defendants assert only the Chapter 7 Trustee can assert fraudulent and preferential transfer claims on behalf of the bankruptcy estate and the Complaints should be dismissed for want of jurisdiction.  They further assert that Iowa Lumber is an LLC created postpetition and has no relationship to Debtor.

At the time of the hearing, Trustee's Motion to Assign Avoidance Actions was pending in the bankruptcy case.  An order approving the Motion was entered May 31, 2006.  The Motion states that Trustee has determined that certain transfers by Debtor to various parties may constitute fraudulent conveyances pursuant to 11 U.S.C. § 548 or § 544.  It proposes that Trustee assign these causes of action to the Bank, "except for any remaining preference actions which will be retained by the estate."  <u>In re Chapman Lumber Co.</u>, No. 05-00408, Doc. 177, at p.2.  The Order includes identical language.  <u>Id.</u>, Doc. 180.

As stated above, the Complaint was last amended on March 14, 2006.  The Bank filed Motions for Clerk's Entry of Default and Default Judgment on May 3, 2006.  The Clerk filed an entry of default on May 4, 2006 at 8:15 a.m.  Defendants filed their Motion to Dismiss on May 4, 2006 at 2:27 p.m.  Judgment by Default was entered against both Defendants on May 5, 2006 and hearing on damages was set.

**DEFAULT JUDGMENT VACATED**

Initially, the Court notes that the default judgment was improvidently granted and should be vacated.  A default judgment cannot be entered until the amount of damages has been ascertained.  <u>Hagen v. Sisseton-Wahpeton Comm. College</u>, 205 F.3d 1040, 1042 (8th Cir. 2000).  In this case, a hearing on damages

2

is set for July 6, 2006. The default judgment should not have been entered before that time. Furthermore, Defendants filed their Motion to Dismiss prior to the time the Judgment by Default was entered, asserting a defense to the complaint. Under Rule 7055, the subsequent default judgment should not have been entered in the face of Defendants' motion.

The Bank appears to argue that Defendants' Motion to Dismiss challenging jurisdiction is untimely or not in the proper form. This argument is of no avail as the Court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties when entry of a default judgment is sought. Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986). Rule 7012(h)(3) states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." This applies in the context of considering entry of default or default judgment. See Hagen, 205 F.3d at 1042 (applying Rule 12(h)(3)). It is appropriate for this Court to consider jurisdiction over the subject matter and parties sua sponte, as well as in response to Defendants' Motion to Dismiss.

## STANDING

The question of standing involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. Friends of Boundary Waters Wilderness v. Dombeck, 164 F.3d 1115, 1125 (8th Cir. 1999). Constitutional standing is not challenged in this case. The relevant prudential principle at play is the zone-of-interests test, which considers whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question. Id. (citations omitted). "Whether a plaintiff's interest is arguably protected by the statute within the meaning of the zone-of-interests test is to be determined not by reference to the overall purpose of the Act in question . . . but by reference to the particular provision of law upon which the plaintiff relies." Id., quoting Bennett v. Spear, 520 U.S. 154, 175-76 (1997). Prudential standing is sometimes called statutory standing. In re Holstein, 299 B.R. 211, 223 (Bankr. N.D. Ill. 2003), aff'd 2004 WL 2075442 (N.D. Ill. 2004). The interest asserted by the plaintiff must fall within the class as defined in the statute. In re A.P.I., Inc., 331 B.R. 828, 859 (Bankr. D. Minn. 2005), aff'd 2006 WL 1473004 (D. Minn. 2006). "Only persons who are given a right of action under a federal statute by Congress have the standing to sue under that statute." In re Vanguard Airlines, Inc., 298 B.R. 626, 634 (Bankr. W.D. Mo. 2003).

3

The only person explicitly authorized by the Bankruptcy Code to pursue a § 547 preference action is the bankruptcy trustee. In re Barqdill, 238 B.R. 711, 720 (Bankr. N.D. Ohio 1999).  "The Eighth Circuit has determined that the statutory language of § 548 expressly confers avoidance powers exclusively on the trustee."  In re Merrifield, 214 B.R. 362, 365 (B.A.P. 8th Cir. 1997) (emphasis in original); In re Lauer, 98 F.3d 378, 388 (8th Cir. 1996).  Individual creditors of the bankruptcy estate do not have standing to assert claims of voidable transfers.  Lauer, 98 F.3d at 388; In re Cassis, 220 B.R. 979, 983 (Bankr. N.D. Iowa 1998).  A trustee's avoidance actions are generally deemed to be non-assignable.  Barqdill, 238 B.R. at 722; Preferences and Fraudulent Transfers 887 PLI/Comm 479, 523 (2006).

Some courts have considered whether a creditor can be granted derivative standing to pursue avoidance claims when the trustee fails to act.  Compare In re Newcorn Enters. Ltd., 287 B.R. 744, 748 (Bankr. E.D. Mo. 2002) (finding the Eighth Circuit would allow derivative standing to nontrustees when the trustee does not pursue claims on behalf of the estate); with In re Bodenstein, 248 B.R. 808, 817 n.39 (Bankr. W.D. Ark. 2000) (finding lack of definitive guidance from the Eighth Circuit to import doctrine of derivative standing), aff'd 253 B.R. 46 (B.A.P. 8th Cir. 2000); and In re Odom Antennas, Inc., 340 F.3d 705, 708 n.3 ("We intimate no opinion whether a creditor may pursue a derivative action on behalf of the bankruptcy estate when the trustee declines to pursue such action.")  Even if derivative standing is available, however, a prerequisite to the commencement of an avoidance action by a party other than the trustee is prior permission from the court.  2 Collier Bankruptcy Manual ¶ 548.06 (Henry J. Sommer ed., 3d ed. 2005).

A creditor has no right to bring an avoidance action independently.  In the absence of a request for permission from the Bankruptcy Court to pursue an avoidance action in the trustee's stead, the practice of allowing derivative standing has no application.  See Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 13 n.5 (2000).  Based on the foregoing, the Court concludes the Bank has no standing to bring fraudulent transfer claims under §§ 544 or 548 or preferential transfer claims under § 547.[1]  Therefore, Counts I, II and III of the Complaint must be dismissed for lack of standing.

---

[1] The recent Assignment of Claims by Trustee and Order approving same do not constitute Court permission for the Bank to assert the Trustee's avoidance claims in this adversary proceeding.

4

**CORE AND "RELATED TO" JURISDICTION**

Bankruptcy courts are authorized to hear "all cases under title 11 and all core proceedings arising under title 11 or arising in a case under title 11." 28 U.S.C. § 157(b)(1). The bankruptcy judge shall determine whether a proceeding is a "core" proceeding under § 157(b), or whether a proceeding is "related to" a case under Title 11. 28 U.S.C. § 157(b)(3). Bankruptcy courts are not authorized to entertain cases involving noncore, unrelated matters.

> In general, a core proceeding is a legal dispute between parties in interest to a bankruptcy case, one of whom is almost always the debtor. Non-core, related proceedings are those which do not invoke a substantive right created by federal bankruptcy law and could exist outside a bankruptcy, although they may be related to a bankruptcy.

In re Farmland Industries, Inc., 296 B.R. 793, 802 (B.A.P. 8th Cir. 2003) (citations omitted).

A proceeding is "core" if it invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. Barnet v. Stern, 909 F.2d 973, 981 (7th Cir. 1990). For courts to assert jurisdiction over a proceeding "related to" a bankruptcy case, the proceeding must have some effect on the administration of the debtor's estate. Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 774 (8th Cir. 1995). Possible effects include any matter that could alter the debtor's rights or liabilities and which in any way impacts upon the handling and administration of the bankruptcy estate. Integrated Health Servs. v. THCI Co., 417 F.3d 953, 958 (8th Cir. 2005).

In Specialty Mills, the Eighth Circuit held that "related to" jurisdiction did not exist where, no matter who prevailed in the litigation, there would be no effect on the administration of the bankruptcy estate. 51 F.3d at 774. In In re Cinematronics, Inc., 916 F.2d 1444, 1450 (9th Cir. 1990), the court found the bankruptcy court had no jurisdiction over claims asserted against an individual, not involving the corporate debtor. In In re Ha-Lo Indus., Inc., 330 B.R. 663, 668-69 (Bankr. N.D. Ill. 2005), the court found jurisdiction did not exist to entertain a third-party complaint where the outcome of the litigation would not affect distribution of funds to the creditors in the bankruptcy case.

Based on the foregoing, the Court concludes that it does not have core or "related to" jurisdiction over the remaining counts of the Bank's complaint. With the dismissal of Counts I, II and

III, the remaining counts raise state law issues. The issues raised do not invoke substantive rights provided by the Bankruptcy Code or arise only in the context of a bankruptcy case. Therefore, they are not "core" proceedings. If the Bank prevails on these counts, there would be little if any effect on the administration of the bankruptcy estate. They relate to the Bank's loss of collateral or injuries to the Bank from the Defendants' wrongdoing. The Bank is suing Defendant Keith Chapman as an individual and the debtor is not involved. Defendant Iowa Lumber was not in existence prepetition. Any alleged wrongdoing by Iowa Lumber cannot possibly affect the administration of Debtor's estate. As such, the Court concludes "related to" jurisdiction does not exist as to the remaining counts in the Bank's complaint.

## CONCLUSIONS

The Judgment of Default entered May 5, 2006 was improvidently granted and is hereby vacated. The Bank does not have standing to avoid transfers as set out in Counts I, II and III of its Complaint. The Court does not have jurisdiction over the remaining counts of the Bank's Complaint. Defendants' Motion to Dismiss Complaint for Lack of Jurisdiction must be granted.

**WHEREFORE**, the Judgment of Default entered May 5, 2006 is VACATED.

**FURTHER**, Defendants' Motion to Dismiss Complaint for Lack of Jurisdiction is GRANTED.

**FURTHER**, this matter is DISMISSED without prejudice.

DATED AND ENTERED: June 12, 2006

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE